HARRIET L. STEVENS *vs.* ROLLINGSFORD SAVINGS BANK.

Cumberland.   Opinion July 28, 1879.

*Dower,—demand for.   Corporation.*

When a foreign corporation is seized of real estate situated in this state, and has a tenant thereon, the demand of dower may be made, under the provisions of R. S., c. 103, § 17, upon the tenant in possession.

ON EXCEPTIONS.

ACTION OF DOWER.  The premises were owned by the defendant bank, a corporation in New Hampshire, having no place of business, office or agent in Maine.

The demandant offered in evidence a written demand of dower, duly and seasonably served upon the tenant in possession of the demanded premises under the defendants.  The defendants seasonably objected to its admission, claiming that, as the action is against a corporation, the demand should have been made upon some officer of the corporation, and not upon the tenant in possession; but the presiding justice admitted the evidence.  Thereupon the defendant alleged exceptions.

*S. C. Strout & H. W. Gage,* for the plaintiff.

*C. P. Mattocks,* for the defendants, contended that the demand should have been made upon some officer of the defendant bank by virtue of R. S., c. 103, § 18.  If "person" in R. S., c. 103, § 17, may mean corporation, then § 18 is unnecessary.  The statute is not limited to domestic corporations.

Counsel cited *Luce* v. *Stubbs,* 35 Maine, 92.  *Merrill* v. *Shattuck,* 55 Maine, 370.  *Hunt* v. *Hotchkiss,* 64 Maine, 241.

APPLETON, C. J.  This is an action of dower.

The defendant bank is a corporation in New Hampshire, having no place of business, office or agent in this state.

A written demand of dower was duly and seasonably made upon the tenant in possession of the premises demanded.

The demand was properly made of the tenant.  By R. S., c. 103, § 17, the dowress "must demand her dower of the person who is at the time seized of the freehold, if in the state, otherwise, of the tenant in possession."

The word person includes a corporation.  R. S., c. 1, § 13.

The demand, then, is to be made of the person or corporation seized of the freehold, if in the state, otherwise, of the tenant in possession.  Here the owner of the freehold is not in the state, and the demand may be made on the tenant.  It matters not whether the person seized of the freehold be a person or a corporation, if not in the state.

If the corporation is in the state, the demand is to be made in accordance with section eighteen.  But if out of the state, the demand may be made on the tenant, as was done in this case.

This section in no way conflicts with section seventeen.  It only prescribes the demand to be made when a corporation in this state is seized of the land in which dower is claimed.

*Exceptions overruled.*

WALTON, VIRGIN, PETERS, LIBBEY and SYMONDS, JJ., concurred.